# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:16-cr-20200-TLP-7 |
| v. | ) | |
| | ) | |
| DAVANTE TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO SEVER INDICTED OFFENSES**

Defendant, DaVante Turner, moves to sever Counts 2 through 6 from the remaining Counts in the Second Superseding Indictment pending here. For the reasons below, Mr. Turner's Motion is DENIED.

The federal grand jury returned named Mr. Turner as one of 12 defendants in a 34-count indictment alleging in Count 1 that he, along with the other defendants, is part of a racketeering conspiracy ("RICO") with the goal of committing robberies of local pharmacies, stealing narcotic drugs from those pharmacies and then distributing those drugs for profit. (ECF No. 270 at PageID 493-517.) Counts 2 through 6 name Mr. Turner alone in. (*Id.* at Page ID 502-04.) Those counts allege Mr. Turner committed several offenses related to an alleged armed robbery of a pharmacy on June 18, 2015, after which, he allegedly distributed the stolen narcotic drugs. The indictment also accuses Mr. Turner in Counts 24 through 34 of various criminal acts with co-defendants on November 1, 2016 and July 5, 2017. (*Id.* at Page ID 511-17.)

Mr. Turner now seeks to sever the counts related to that June 18, 2015 robbery from the larger conspiracy set forth in Count 1 and the remaining counts against him in the Second Superseding Indictment. (ECF 300-1 and 2.) Mr. Turner asks the Court to separate a few counts about a single robbery that he allegedly committed by himself from the conspiracy count and counts related to two other robberies that he allegedly committed with a group for fear that the jury would not be able to keep up. The Court does not share Mr. Turner's concern. The Court begins its analysis of the issues raised here with Rules 14 and 8 of the Federal Rules of Criminal Procedure.

## ANALYSIS

### I. Severance Standard

Under Rule 14 of the Federal Rules of Criminal Procedure, the defendant can ask the court to sever certain counts, parties or provide other relief, as needed. Under Rule 14, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if a joint trial will prejudice the defendants. Fed. R. Crim. P. 14(a). To justify a severance under Rule 14, the Defendant has the burden to establish prejudice. *Thomas v. United States*, 849 F.3d. 669, 675 (6th Cir. 2017). That burden has been described as a high one. *United States v. Driver*, 535 F.3d. 424, 427 (6th Cir. 2008). "A defendant must show compelling, specific and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d. 669, 678 (6th Cir. 2005). In fact, the Supreme Court noted how difficult the burden is for the defense by saying "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right . . . , or prevent the jury from making a reliable judgment about guilt or

innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Motions for severance under Rule 14 fall under the "sound discretion" of the district court. *Id.* at 541.

## II. <u>Joinder Standard</u>

Rule 8 of the Federal Rules of Criminal Procedure provides guidance about joinder of offenses or defendants in a criminal case. Rule 8(a) governs joinder of offenses and the Rule states: "[t]he indictment . . . may charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(b) provides that "[t]he indictment . . . may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b).

Joinder of a group of alleged acts or offenses is appropriate when they are "logically interrelated" or form "part of a common scheme or plan." *United States v. Beverly*, 369 F.3d 516, 533 (6th Cir. 2004); *see also United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) (noting that joinder is proper where charged offenses are "logically interrelated and involve overlapping proof"). Generally, "persons indicted together should be tried together." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). To follow a different path would present problems for the justice system, because "[s]eparate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." *See United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006). The Supreme Court has reasoned that "joint trials conserve [government] funds, diminish inconvenience to witnesses

3

and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane*, 474 U.S. 438, 449 (1986) (quotation omitted). Additionally, "[j]oint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987). For these reasons, "[t]here is a preference in the federal system for joint trials." *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

For courts analyzing issues under Rule 8(b), "the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once." *Swift*, 809 F.2d at 322 (quotation omitted). The Sixth Circuit has suggested that Rule 8(b) "can, and should, be broadly construed in favor of initial joinder." *Id.* (quotation omitted) (*See also United States v. Graham*, 275 F.3d. 490, 512 (6th Cir. 2001)). At bottom, "a defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *Caver*, 470 F.3d at 238 (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir.1999)).

### III.    Defendant's Motion for Severance

Mr. Turner asserts that the robbery and aftermath alleged in Counts 2 through 6 are so different from the other offenses with which he is charged, that Mr. Turner faces substantial prejudice if the Court allows the government to prove all of these robberies in the same trial.

The Court finds that the allegations at issue are quite similar to the other counts in the indictment. The government alleges that each of the robberies here was an armed robbery. In each of the robbery counts, the government alleges the victim was a pharmacy and the defendant took narcotic drugs from those pharmacies. After each robbery count, the

4

government asserts the defendants distributed the stolen narcotics. And each of these robberies is listed as an overt act as part of the RICO conspiracy count alleged in Count 1. In all, the Second Superseding Indictment names Defendant in 16 Counts out of 34 Counts.

The evidence about the three robberies and the other events afterward may be different. In fact, Defendant claims that, because the primary proof related to Count 2 is Defendant's fingerprint allegedly found on the demand note and the proof in the other robberies is more substantial, this is a sufficient basis to grant the motion here. Even so, this Court notes that there are additional counts related to the robbery in June 2015 that involve drug distribution and firearm possession. These are much like the acts alleged in the RICO conspiracy and the other allegations related to this defendant and his codefendants.

Here, the Court finds that Defendant's concern about joint trial being confusing or having a spill-over effect on Mr. Turner is not persuasive. This Court is convinced by the face of the Second Superseding Indictment, that joinder is proper here. In short, all of the alleged criminal activity flows from the same RICO conspiracy which charges all the defendants together. The charges relate to a series of acts or an alleged common scheme or plan that are logically interrelated. Joinder is permissible—indeed favored—under these circumstances because a single trial will promote judicial efficiency and convenience. *See United States v. Ledbetter*, 137 F. Supp. 3d 1042, 1050 (S.D. Ohio 2015).

The Court here balances the interest of the public in avoiding several trials with Mr. Turner's individual right to a fair trial. The prosecution accuses this particular defendant with committing three robberies that are all charged in the same indictment. The indictment lists all the offenses charging Mr. Turner (and his co-defendants) as overt acts in the RICO conspiracy count. For that reason, in Mr. Turner's case, it makes more sense to keep him and

each of his alleged acts in the case with the other defendants in the RICO conspiracy count. There will be considerable overlap of the evidence which weighs against several trials. The questions of judicial economy and expediency thus support a single trial of all defendants together. For these reasons, Defendant's motion to sever is DENIED.

**SO ORDERED**, this 28th day of September, 2018.

s/Thomas L. Parker  
THOMAS L. PARKER  
UNITED STATES DISTRICT JUDGE